451

**No. 46870.**—Protests 947253–G, etc., of Jay Thorpe, Inc. (New York).

Opinion by WALKER, J. It was stipulated that the merchandise consists of shoes similar to those the subject of *Bendel* v. *United States* (5 Cust. Ct. 224, C. D. 404). In accordance therewith they were held dutiable at 20 percent under paragraph 1530 (e) as claimed.

**No. 46871.**—Protests 1502–K, etc., of Border Brokerage Co. et al. (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that no addition should have been made to the imported quantity for planing or tonguing and grooving. The protests were therefore sustained.

BEFORE THE SECOND DIVISION, JANUARY 23, 1942

**No. 46872.**—Protests 980637–G, etc., of Edgar C. Hyman Co. (New York).

Opinion by TILSON, J. From the record it was found that certain items consist of (1) silk mufflers, not hemmed; (2) silk mufflers, hemmed, imported prior to the effective date of said trade agreement; (3) silk mufflers, valued at more than $5 per dozen, hemmed but not block-printed by hand; (4) woven silk mufflers, valued at more than $5 per dozen, hemmed, but not block-printed by hand; and (5) woven silk mufflers, valued at more than $5 per dozen, not hemmed or hemstitched, but block-printed by hand. In accordance therewith the merchandise in question was held dutiable as follows: Those in schedule A, at 60 percent ad valorem under paragraph 1209; schedule B, at 55 percent under paragraph 1209; schedule C, at 40 percent under paragraph 1209 and T. D. 49753; schedule D, at 45 percent under paragraph 1209 and T. D. 49753; schedule E, at 30 percent under paragraph 1209 and T. D. 49753; and schedule F, at 35 percent under paragraph 1209 and T. D. 49753.

**No. 46873.**—Protests 955943–G, etc., of A. D. Cohen Co., Inc., et al. (New York).

Opinion by TILSON, J. It was stipulated that certain items consist of hemp knotted straw hats, similar to those involved in Abstract 46497. In accordance therewith the items in question were held dutiable as straw hats, not blocked or trimmed, and not bleached, dyed, colored, or stained, at 25 percent ad valorem under paragraph 1504 (b) (1), as claimed.